IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:20-cv-00145-M

JOHNNY STRINGFIELD, Administratrix of )
the Estate of Javon Stringfield, )
)
Plaintiff, )
)
v. ) **OPINION**
) **AND ORDER**
PENDER COUNTY; PENDER COUNTY )
SHERIFF'S DEPARTMENT; and SHERIFF )
CARSON SMITH (FORMER SHERIFF), in )
his official and individual capacities, )
)
Defendants. )

This matter comes before the court on Defendant Pender County Sheriff's Department's (the "Department") motion to dismiss the claims brought against it, filed November 18, 2020. [DE-12]

Within its memorandum in support of its motion, the Department argues that it lacks the capacity to be sued as a matter of law. The Federal Rules of Civil Procedure set forth that, for governmental entities, "[c]apacity to sue or be sued [in federal court] is determined . . . by the law of the state where the court is located[.]" Fed. R. Civ. P. 17(b)(3); *see Avery v. County of Burke*, 660 F.2d 111, 113–14 (4th Cir. 1981) ("The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held."). Therefore, because this court is located within North Carolina, the court looks to North Carolina law to determine whether the Department can be sued.

Under North Carolina law, counties and sheriffs can be sued. *See* N.C. Gen. Stat. §§ 153A-11 (counties), 58-76-5 (sheriffs). But there is no North Carolina statute that allows a county sheriff's department to be sued, and the Department has directed the court's attention to case law from this court

1

holding that the absence of such a statute is fatal to claims brought against North Carolina county sheriff's departments like the Department. [*see* DE-13 at 2–5 (citing *Parker v. Bladen Cnty.*, 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008) (granting county sheriff's department's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss: "N.C. Gen. Stat. § 153A-11 acknowledges that a county is a legal entity which may be sued. However, there is no corresponding statute authorizing suit against a North Carolina county's sheriff's department. Accordingly, the Bladen County Sheriff's Department lacks legal capacity to be sued."))]; *see also Wesley v. Charlotte-Mecklenburg Cnty. Police Dep't*, No. 3:19-cv-00425-FDW-DCK, 2020 U.S. Dist. LEXIS 181308, at *14–15 (W.D.N.C. Sept. 30, 2020) (same). Plaintiff does not invoke any authority holding otherwise in his response brief. [DE-26] Because Plaintiff does not, the court concludes that Plaintiff's claims against the Department must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Parker, supra.*

SO ORDERED this the 20th day of July, 2021.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE